**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

JEAN G. DOANE, *on behalf*
*of herself and all others similarly situated,*

    Plaintiff,

v.

POLLACK & ROSEN, P.A.,
*a Florida Corporation, and*
JOSEPH F. ROSEN, *individually,*

    Defendants.
_____/

## CLASS ACTION COMPLAINT

1.    Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3.    Venue in this District is proper because Plaintiff resides here, and Defendants conduct business in this District.

## PARTIES

4.    Plaintiff, Jean G. Doane ("Plaintiff"), is a natural person residing in Indian River County in the State of Florida.

5.    Defendant, Pollack & Rosen, P.A. ("Defendant Law Firm"), is a Florida Corporation and law firm engaged in the business of collecting consumer debts, which operates from offices located at 806 South Douglas Road, Coral Gables, Florida 33134.

6. Defendant Joseph F. Rosen ("Defendant Rosen"), is an attorney and is engaged in the business of collecting consumer debts, who operates from offices located at 806 South Douglas Road, Coral Gables, Florida 33134.

7. Defendant Law Firm and Defendant Rosen are herein collectively referred to as "Defendants."

8. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debts.

9. Defendants regularly collect or attempt to collect consumer debts for other parties. Defendants are "debt collectors" as defined by the *FDCPA*.

10. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendants sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a credit card. The debt was incurred primarily for personal, household or family use, more specifically, the debt at issue was a credit card debt which Plaintiff used to purchase personal and household goods.

12. On or about January 19, 2018, Defendants mailed, or caused to be mailed, a written communication to Plaintiff seeking payment of an alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1").

13. The Demand Letter states in part:

> Please contact our office upon receipt so that we can make the necessary arrangements with you regarding the payment of this obligation. For your convenience, you can also make payments via our website at www.pollackrosen.com.

Unless the consumer (you) within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector (us). If the consumer (you) notifies the debt collector (us) in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector (we) will obtain verification of the debt or a copy of a judgment (if a judgment exists) against the consumer (you) and a copy of such verification or judgment will be mailed to the consumer (you) by the debt collector (us). Upon the consumer's (your) written request within the thirty-day period, the debt collector (we) will provide the consumer (you) with the name and address of the original creditor, if different from the current creditor.

xxxx

Your cooperation is essential in order to resolve this matter promptly.

Very truly yours,

Joseph F. Rosen, for the Firm

14. The Demand Letter was Defendants' initial communication with Plaintiff with respect to the debt alleged therein.

15. *15 U.S.C. §1692g(a)-(b)* states:

Validation of debts

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

(Emphasis added).

16.     Defendant Rosen is a "managing partner of a major national firm."[1]

---

[1] See https://www.pollackrosen.com/ last accessed February 8, 2018.

17. On information and belief, Defendant Rosen did not have meaningful or significant involvement in the collection of Plaintiff's alleged debt.

18. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

19. This action is brought on behalf of a Class consisting of (i) all natural persons with addresses in the Florida Counties that comprise the geographical boundaries of the United States District Court for the Southern District of Florida, namely Miami-Dade, Monroe, Broward, Palm Beach, Martin, Saint Lucie, Indian River, Okeechobee, and Highlands Counties (ii) to whom initial communication letters were mailed, or caused to be mailed, (iii) that contained the phrases: "Please contact our office upon receipt so that we can make the necessary arrangements with you regarding the payment of this obligation." and "Your cooperation is essential in order to resolve this matter promptly." (iv) by the Defendants (v) in connection with the collection of a debt incurred for personal, family, or household purposes (vi) that were not returned undeliverable by the U.S. Post Office (vii) during the one-year period prior to the filing of the Complaint in this action.

20. Plaintiff alleges on information and belief that Defendants' practice of mailing, or causing to be mailed, initial written communications that stated, "Please contact our office upon receipt so that we can make the necessary arrangements with you regarding the payment of this obligation." and "Your cooperation is essential in order to resolve this matter promptly." in the initial written communication served upon the Class is so numerous that joinder of all members of the Class is impractical.

21. There are questions of law or fact common to the Class. The common issues predominate over any issues involving only individual Class members. The common legal and factual issue to each Class member is that each was mailed, or caused to be mailed, an initial communication letter by Defendants that stated, "Please contact our office upon receipt so that we can make the necessary arrangements with you regarding the payment of this obligation." and "Your cooperation is essential in order to resolve this matter promptly."

22. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

24. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. Plaintiff requests certification of a Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* for monetary damages; her appointment as Class Representative; and that her attorney, Leo W. Desmond, be appointed Class Counsel.

## COUNT I CLASS CLAIM
## VIOLATION OF *15 U.S.C. §1692g(b)*

26. Plaintiff re-alleges Paragraphs 1 through 18.

27. *15 U.S.C. §1692g(b)* states:

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

(Emphasis added).

28. Defendants mailed, or caused to be mailed, the Demand Letter to Plaintiff in an attempt to collect a consumer debt, namely to collect the balance owed on a credit card debt.

29. Pursuant to the *FDCPA*, the Demand Letter was an initial communication between Defendants and Plaintiff.

30. Defendants' statement "Please contact our office **upon receipt** so that we can make the necessary arrangements with you regarding the payment of this obligation." and "Your cooperation is essential in order to resolve this matter promptly." overshadows Plaintiff's thirty-day dispute and verification rights period as provided by *15 U.S.C. §1692g*. (Emphasis added).

31. Defendants' statement instructing Plaintiff to contact the office "upon receipt" to make arrangements for payment creates a sense of urgency that overshadows the notice requirement of *15 U.S.C. §1692g(a)* by encouraging the Plaintiff and members of the Class to disregard the required debt validation notice prescribed by *15 U.S.C. §1692g* and call Defendant Law Firm immediately upon receiving the Demand Letter to arrange for payment. This urgency is accentuated by the sentence "Your cooperation is essential in order to resolve this matter promptly."

32. The verification rights provided by *15 U.S.C. §1692g* must be effectively conveyed to the consumer.

33. Defendants' demand that immediate arrangements be made for payment of the debt by use of the phrase in Defendants' Demand Letter "Please contact our office upon receipt so that we can make the necessary arrangements with you regarding the payment of this obligation." overshadows and contradicts Plaintiff's thirty-day dispute and verification rights period as provided by *15 U.S.C. §1692g(a)*.

34. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

35. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT II CLASS CLAIM
## VIOLATION OF *15 U.S.C. §1692e*

36. Plaintiff re-alleges Paragraphs 1 through 18, and Paragraphs 27 through 33.

37. *15 U.S.C. §§1692e(3)* and *(10)* state:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38. Defendants mailed, or caused to be mailed, the Demand Letter to Plaintiff in an attempt to collect a consumer debt, namely to collect the balance owed on a credit card debt.

39. The Demand Letter was an initial communication used in the collection of a debt between Defendants and Plaintiff.

40. Defendants' Demand Letter is represented to be from Defendant Rosen which misleadingly leaves the Plaintiff and Class to believe that Defendant Rosen has meaningful involvement in the collection of the debt and therefore is in violation of *15 U.S.C. §1692e(3)*. *See Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993) (Misrepresenting that a communication is from a lawyer when the lawyer had no significant involvement in the collection of the debt is a violation of *15 U.S.C. §1692e(3)*.).

41. Defendants' Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

42. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

43. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

   c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

   d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

   e. Such other and further relief as the Court deems proper.

Dated: February 26, 2018.

                                   Respectfully submitted,

                                   By:/s/ *Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*